UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MELISSA CARRUTH an individual, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CASE NO. _____ |
| COFFEE MEMORIAL BLOOD CENTER | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE COURT:

Melissa Carruth, an individual plaintiff ("Ms. Carruth"), complains of Coffee Memorial Blood Center ("Defendant"), and for cause of action shows:

### I.
### Parties

1.01   Ms. Carruth is a citizen of the United States and the State of Texas and resides in Randall County, Texas.

1.02   Defendant Coffee Memorial Blood Center is a Nonprofit Corporation which conducts its business activities at 7500 Wallace Blvd., Amarillo, Texas 79124 and service of process may be had upon Defendant by serving summons and complaint upon its registered agent for process, James T. Rutledge at 7500 Wallace Blvd., Amarillo, Texas 79124.

## II.
## Jurisdiction

2.01 The Court has jurisdiction of this case because this suit arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq. Ms. Carruth was employed as a ASCP certified Medical Technologist with Defendant, at the Defendant's principal place of business in Amarillo, Texas.

## III.
## Conditions Precedent

3.01 All conditions precedent to jurisdiction have been performed or have occurred.

## IV.

## Facts

4.01 Ms. Carruth has worked for Defendant from October 16, 2006 to October 23, 2008, as a ASCP certified Medical Technologist. Ms. Carruth's day to day job duties included, but were not limited to the following: Taking all temperatures including heat blocks, incubator, BacT analyzers, cleaning counters, doing a start up and running controls on two Hematology analyzers, Unloading negative and positive blood culture bottles and downloading the BacT analyzers, platelet counts, morning maintenance on cell washer, quality control and CAP surveys including Transfusion Medicine, BacT, cell counts, titers, hematology, sickle cell, DAT, Platelet analysis, and RBC counts.

4.02 On or about July 30, 2008, Ms. Carruth suffered a serious non-work related injury to her left heel bone. Ms. Carruth took immediate steps to notify Defendant of her injury and as to the extent of her injury.

4.03   On or about August 4, 2008, Ms. Kathy Mitchell, the Human Resources Director for Defendant ("Ms. Mitchell"), provided Ms. Carruth with the appropriate forms for Ms. Carruth to take FMLA leave.  The proper forms were completed and Ms. Carruth was granted FMLA leave by Defendant.

4.04   On or about September 24, 2008, Ms. Carruth received a "release to work" statement from her treating physician stating she could return to work by October 24, 2008.  Ms. Carruth provided the release to Defendant.  Upon doing so, Ms. Mitchell informed Ms. Carruth that her FMLA leave period only extended to October 15, 2008, and that if she could not return to work by that date, Ms. Carruth would have to be terminated.

4.05   Ms. Carruth contacted her treating physician, and the treating physician provided Ms. Carruth with a "release to work" statement which provided that she could return to work by October 15, 2008.

4.06   Ms. Carruth returned to work on October 15, 2008.  Ms. Carruth was wearing a boot on her injured foot and was using crutches, but neither of these items interfered in any way with her ability to perform her job duties.

4.07   On or about October 17, 2008, while performing her job duties, Ms. Carruth slipped out of a high rolling chair.  Ms. Carruth bumped into a counter and slightly bruised her right arm.  Ms. Carruth did not injure her previously injured foot in any manner, and her ability to continue to perform her job functions was in no way impaired.

4.08   Although Ms. Carruth did not consider this minor slip noteworthy, she did report the incident to her immediate supervisor, Ms. Rebecca Oldham.  Later that morning, Ms. Oldham, and Dr. Townshend, the Defendant's medical director, examined Ms. Carruth's left foot to attempt to determine if Ms. Carruth had suffered any further injuries to her left foot due to her

slipping earlier that morning. Dr. Townshend determined that Ms. Carruth had not suffered any further damage to her foot.

4.09 Ms. Carruth was allowed to continue working that day until the end of her shift. Later that day, once she had gone home from work, Ms. Mitchell called Ms. Carruth and instructed her not to return to work until she received a new "release to work" from Ms. Carruth's personal physician, which would need to state all restrictions or limitations that could limit Ms. Carruth's ability to perform her job duties.

4.10 Ms. Carruth immediately contacted her treating physician, and obtained the soonest available appointment for re-evaluation, which was October 24, 2008. Ms. Carruth informed Ms. Mitchell as to the date of the appointment. On October 20, 2008, Ms. Mitchell herself contacted Ms. Carruth's personal physician requesting the same information and re-evaluation..

4.11 On or about October 23, 2008, one day before the re-evaluation (as ordered by Defendant), by her treating physician, Ms. Carruth received a telephone call from Ms. Mitchell, whereby Ms. Mitchell informed Ms. Carruth that her position had been "eliminated" and that Ms. Carruth was fired effective immediately.

## V.
## FMLA

5.01 Ms. Carruth was an eligible employee within the meaning of the FMLA. Ms. Carruth was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the preceding 12-month period, as set out in 29 U.S.C. § 2611(2).

5.02 Defendant is an employer within the meaning of the FMLA. Defendant is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, as set out in 29 U.S.C. § 2611(4).

5.03 Ms. Carruth was entitled to 12 work weeks of leave during the period of July 30, 2008 to October 15, 2008 because of a serious health condition that made Ms. Carruth unable to perform the functions of her position, as set out in as set out in 29 U.S.C. § 2612(a)(1)(D).

5.04 Ms. Carruth gave Defendant such notice as was practicable under unforeseeable circumstances before the date leave was to begin, and Defendant accepted such notice and granted Ms. Carruth leave.

5.05 Defendant intentionally denied the exercise of rights provided under the FMLA by refusing to grant Ms. Carruth the full amount of leave under the FMLA, and by refusing to restore Ms. Carruth to the position held before leave, denying benefits and discharging Ms. Carruth.

## VI.
## Damages

6.01 As a direct and proximate result of Defendant's conduct, Ms. Carruth suffered and continues to suffer the following injuries and damages:

    a. Ms. Carruth was discharged from her employment. Although Ms. Carruth has and will continue to seek other employment, she has been unable to find a job. In addition, Ms. Carruth has and will incur expenses in seeking other employement;

    b. Ms. Carruth has lost employment benefits. Specifically, Ms. Carruth has suffered the cancellation of health benefits plan, payment of medical treatment that would

   have otherwise have been covered by the health benefits plan, and dental, eye and life insurance coverage for herself and her family;

c.  Ms. Carruth seeks compensation for all lost wages and benefits, plus prejudgment interest at the prevailing rate.

d.  Ms. Carruth has suffered actual monetary losses resulting directly from Defendant's violation of the FMLA. Specifically, Ms. Carruth seeks reimbursement for the cost of providing care for herself and her family, up to a sum equal to 12 weeks of wages or salary for Plaintiff.

e.  Ms. Carruth is entitled to post-judgment interest on all sums, including attorneys fees and costs of suit in this suit.

f.  Defendant's conduct was an intentional and willful violation of the FMLA. Ms. Carruth is entitled to an award of liquidated damages within the meaning of the FMLA, as set out in 29 U.S.C. § 2617(a)(A)(iii).

## VI.
## Attorneys Fees

7.01  Ms. Carruth is entitled to an award of attorneys fees and costs under the FMLA, as set out in 29 U.S.C. § 2617(a)(3).

For these reasons, Ms. Carruth requests that the Defendant be cited to appear and answer on all counts, and that on final trial, Ms. Carruth have the following relief:

1. Lost wages and benefits, including but not limited to the cost of providing care and insurance benefits for herself and her family, and to prejudgment interest on her lost wages and benefits and post-judgment interest on all sums;

2. Reimbursement of all expenses incurred in seeking other employment;

3.  Liquidated damages;

4.  Reasonable attorneys fees;

5.  Costs of Court; and

6.  Such other and further relief to which Ms. Carruth may be justly entitled.

    Respectfully submitted,

    LAW OFFICES OF PHILIP R. RUSS
    Philip R. Russ No. SBN 17406000
    Felipe Zavala SBN 24013796
    2700 S. Western, Suite 1200
    Amarillo, Texas 79109
    (806) 358-9293 - Telephone
    (806) 358-9296 - Facsimile

    _____
    Philip R. Russ/Felipe Zavala

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Melissa Carruth

**DEFENDANTS**
Coffee Memorial Blood Center

(b) County of Residence of First Listed Plaintiff: **Randall**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Potter**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Philip R. Russ & Felipe Zavala, Law Offices of Philip R. Russ
2700 S. Western, Suite 1200, Amarillo, Texas 79109

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USCA § 2601
Brief description of cause:
Violation of FMLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE                DOCKET NUMBER

DATE: 12/02/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____